4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON and ) <br> THE BOSTON PUBLIC ) <br>   HEALTH COMMISSION, ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> SMITH & WESSON CORP., ) <br> F.I.E. CORP., ) <br> BERETTA U.S.A. CORP., ) <br> COLTS MFG. CORP., ) <br> BROWNING ARMS CORP., ) <br> GLOCK CORP., ) <br> CHARTER ARMS CORP., ) <br> SAVAGE ARMS CORP., ) <br> DAVIS INDUSTRIES CORP., ) <br> INTERARMS CORP., ) <br> HARRINGTON & RICHARDSON, INC.,) <br> HI-POINT FIREARMS CORP., ) <br> SIGARMS CORP. aka SIGARMS, ) <br>   INC., ) <br> NAVEGAR INC., dba Intratec ) <br>   USA Corp., ) <br> B.L. JENNINGS CORP., ) <br> BRYCO ARMS CORP., ) <br> KEL-TEC CNC CORP., ) <br> PHOENIX ARMS CORP., ) <br> HERITAGE MANUFACTURING, INC., ) <br> IMPORT SPORT CORP., ) <br> LORCIN ENGINEERING CORP., ) <br> MARLIN FIREARMS CORP., ) <br> STURM, RUGER & CO. CORP., ) <br> SUNDANCE INDUSTRIES CORP., ) <br> TAURUS FIREARMS CORP., ) <br> U.S. REPEATING ARMS CORP., ) <br> MOSSBERG & SONS, ) <br> REMINGTON ARMS CORP., ) <br> AMERICAN SHOOTING SPORTS ) <br>   COUNCIL, INC., ) <br> NATIONAL SHOOTING SPORTS ) <br>   FOUNDATION, INC., ) <br> SPORTING ARMS AND AMMUNITION ) <br>   MANUFACTURERS INSTITUTE, ) <br>   INC., ) <br> and DOES 1-250, ) <br>     Defendants ) <br> ) | CIVIL ACTION <br> NO. 99-11511-REK <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Memorandum and Order <br>     July 21, 1999 |


DOCKETED 9

**I.**

On June 3, 1999, plaintiffs filed this case in the Suffolk Superior Court of the Commonwealth of Massachusetts under Suffolk Docket Number 99-02590C. On July 15 or 16, 1999, attorney Peter M. Durney of Cornell & Gollub, 75 Federal Street, Boston MA 02110, as attorney for Sigarms, Inc., filed in Suffolk Superior Court and in the United States District Court for the District of Massachusetts a Notice of Removal (Docket No. 1 in Civil Action No. 99-11511-REK, U.S. Dist. Ct., filed July 16, 1999).

**II.**

Defendant Sigarms, Inc. and plaintiffs promptly filed in the United States District Court a Joint Motion for Extensions of Deadlines (Docket No. __, filed July 21, 1999), stating that responses for many of the defendants will be due on July 22, 1999 unless an extension is granted and that movants jointly ask for the following extensions of time:

> (a) that all served defendants, and as yet unserved defendants, be permitted up to and including September 9, 1999, to answer or otherwise respond to plaintiffs' Complaint;
> (b) that plaintiffs be permitted until September 14, 1999 to file motions to remand and; (3) that plaintiffs be permitted until October 26, 1999 to file oppositions to motions to dismiss, if any.

Docket No. ____ at 2-3.

>The joint motion adds:
>
>All defendants who consented to the removal
>have authorized Sigarms, Inc. and its counsel
>to request these extensions on their behalf.
>The extension to respond to the complaint is
>also requested on behalf of the unserved
>defendants, in order to maintain uniformity
>and to promote judicial economy and
>efficiency. That extension will serve the
>interests of justice and will not prejudice
>any party.

Docket No. ____ at 3.

The requested extensions of time are reasonable in view of the complexities of the claims and the circumstances out of which they arise.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) The Joint Motion for Extensions of Deadlines (Docket No. ___, filed July 21, 1999) is ALLOWED.

(2) The first **Case Management Conference** is scheduled to commence at **2:00 p.m., September 15, 1999**. The court will consider any request for an earlier hearing for good cause.

/s/ Robert E. Keeton

United States District Judge

3