

*For Publication*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF BOSTON and THE BOSTON PUBLIC HEALTH COMMISSION, Plaintiffs<br><br>v.<br><br>SMITH & WESSON CORP., F.I.E. CORP., BERETTA U.S.A. CORP., COLTS MFG. CORP., BROWNING ARMS CORP., GLOCK CORP., CHARTER ARMS CORP., SAVAGE ARMS CORP., DAVIS INDUSTRIES CORP., INTERARMS CORP., HARRINGTON & RICHARDSON, INC., HI-POINT FIREARMS CORP., SIGARMS CORP. aka SIGARMS, INC., NAVEGAR INC., dba Intratec USA Corp., B.L. JENNINGS CORP., BRYCO ARMS CORP., KEL-TEC CNC CORP., PHOENIX ARMS CORP., HERITAGE MANUFACTURING, INC., IMPORT SPORT CORP., LORCIN ENGINEERING CORP., MARLIN FIREARMS CORP., STURM, RUGER & CO. CORP., SUNDANCE INDUSTRIES CORP., TAURUS FIREARMS CORP., U.S. REPEATING ARMS CORP., MOSSBERG & SONS, REMINGTON ARMS CORP., AMERICAN SHOOTING SPORTS COUNCIL, INC., NATIONAL SHOOTING SPORTS FOUNDATION, INC., SPORTING ARMS AND AMMUNITION MANUFACTURERS INSTITUTE, INC., and DOES 1-250, Defendants | CIVIL ACTION NO. 99-11511-REK<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Memorandum and Order October 7, 1999 |

## I.  Pending Motions

Before this court are the following filings:

(1) Plaintiffs' Motion to Remand (Docket No. 24, filed August 25, 1999), with supporting memoranda (Dockets No. 25, 34, 45);

(2) Defendants' Memoranda in Opposition (Dockets No. 28, 42, 43);

(3) Joint Motion to Defer Automatic Disclosure (Docket No. 26, filed September 2, 1999);

(4) Defendant Savage Arms, Corp.'s Motion to Dismiss Complaint Against Savage Arms, Corp. (sic) (Docket No. 29, filed September 8, 1999), with supporting memorandum (Docket No. 30, filed September 8, 1999).


## II. Procedural Background

On June 3, 1999, plaintiffs filed this case in the Suffolk Superior Court of the Commonwealth of Massachusetts under Suffolk Docket Number 99-02590C.  On July 15 or 16, 1999, attorney Peter M. Durney of Cornell & Gollub, 75 Federal Street, Boston MA 02110, as attorney for Sigarms, Inc., filed in Suffolk Superior Court and the United States District Court for the District of Massachusetts a Notice of Removal (Docket No. 1 in Civil Action No. 99-11511-REK, U.S. Dist. Ct., filed July 16, 1999).

Plaintiffs filed the instant motion to remand on August

2

25, 1999.  Parties filed a joint motion to defer automatic
disclosure on September 2, 1999.  Defendant Savage Arms, Corp.
filed the instant motion to dismiss on September 8, 1999.  This
court heard oral arguments on the motion to remand on September
15, 1999.

### III.

     In the Motion to Remand, plaintiffs allege that this
court lacks jurisdiction over the subject-matter of this action
and, alternatively, that remand is required under principles of
judicial federalism and comity.  This court determines itself to
be without subject-matter jurisdiction over the matter, thus
mooting the argument for discretionary remand, and making it
inappropriate for this court to rule on the Motion for Dismissal
as to Defendant Savage Arms, Inc. and the Joint Motion to Defer
Automatic Disclosure.

     Because no submission has alleged complete diversity,
subject-matter jurisdiction over this case, if any exists, must
be based on federal-question jurisdiction.  A state court action
may be removed to federal court only "if it qualifies as a 'civil
action ... of which the district courts of the United States have
original jurisdiction,' unless Congress expressly provides
otherwise."  Rivet v. Regions Bank of Louisiana, 522 U.S. 470,
474 (1998) (quoting 28 U.S.C. §1441(a)).  Here, defendants allege
that plaintiffs' suit is "founded on a claim or right arising
under the Constitution ...," satisfying the requirements for

3

original federal-question jurisdiction in district court.   28

U.S.C. §1441(b).  Specifically, defendants argue that plaintiffs'

causes of action are "completely preempted" by the Interstate and

Foreign Commerce Clauses (U.S. Const. art. I, §8), the

Import/Export Clause (U.S. Const. art. I, §10), and the Due

Process Clause of the Fourteenth Amendment (U.S. Const. amend.

XIV, §1) of the United States Constitution.

It is a basic principle of adjudication that a

plaintiff is master of his or her claim.  The Fair v. Kohler Die

& Specialty Co., 228 U.S. 22, 25 (1913).  But it is also a

court's responsibility, in considering either the propriety of

removal or the propriety of remand, to look beyond the statutory

citations in the pleadings to the nature of the claims as they

appear on the face of the complaint at the time the petition for

removal was filed.  See, e.g., Ching v. Mitre Corp., 921 F.2d 11,

13 (1st Cir. 1990).  Even though plaintiffs seek to address a

problem of national scope, and their claims may implicate federal

law, I conclude that plaintiffs cannot reasonably be accused of

"artful pleading" designed to make what is in fact a federal

claim appear not to be.  Neither does any preclusive effect of

any Constitutional provision support the court's recasting any of

plaintiffs' claims as a federal cause of action.

Defendants assert that plaintiffs' causes of action,

while adumbrated as common law tort claims, are more akin to

state regulation of interstate (and international) commerce.

Defendants' Mem. at 6-7.  Such regulation, they argue, is

precluded by various provisions of the United States
Constitution.  It is this potentially preclusive effect,
defendants contend, that should lead this court to extend that
line of cases that have found complete preemption of state causes
of action in the context of the Labor Management Relations Act,
Avco Corp. v. Machinists, 390 U.S. 557, 560 (1968), and the
Employee Retirement Income Security Act, Metropolitan Life Ins.
Co. v. Taylor, 481 U.S. 58, 65-66 (1987), to include the
Interstate and Foreign Commerce Clauses, the Import/Export
Clause, and the Due Process Clause of the Fourteenth Amendment.
Because I determine that the potentially preclusive effect of the
Commerce Clause against some forms of injunctive relief sought is
not identical to the express Congressional displacement of state
claims required for complete preemption, I reject defendants'
proposal.

Defendants support their argument for complete
preemption by referring to those factual allegations in
plaintiffs' complaint that describe actions occurring outside of
Massachusetts that cause damage to plaintiffs inside the state.
Defendants also point to excerpts of plaintiffs' allegations that
allude to violations of federal firearms statutes both within
Massachusetts and outside the state.  Further, they point to the
relief plaintiffs seek, particularly the injunctive relief
concerning the marketing and distribution of firearms by
defendants.  Defendants argue that the combination of these items
-- that is, the allegations of out-of-state actions causing harm,

the borrowing of federal criminal statutes in alleging negligence, and the requested relief involving out-of-state behavior -- reveals these causes of action to be federal claims. None of these elements, however, is sufficient to transform plaintiffs' state claims into federal claims, either individually or when aggregated.

        To determine that an area has been completely preempted for purposes of federal-question jurisdiction, a United States district court must determine that Congress expressly manifested an intent to displace state claims in favor of an alternative federal claim. See Franchise Tax Bd. v. Construction Laborers Vacation Trust 463 U.S. 1, 23-24 (1983) ("Avco stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily `arises under' federal law."). Those few instances in which a court has decided in favor of a claim of  complete preemption have involved comprehensive statutory schemes outlining rights and specific procedures for relief. See, e.g., Taylor, 481 U.S. at 64-66 (describing enforcement provisions under LMRA and ERISA). Here, Congress has not provided any manifestation of an intent to displace state tort claims against firearm manufacturers or trade associations.  Although the Commerce Clause may affect the measure of plaintiffs' relief should plaintiffs prove successful in their suit, this court need not and does not consider that issue in determining the basis for federal jurisdiction.

Notwithstanding their suggestions to the contrary,
Wheeling-Pittsburgh Steel Corp. v. Mitsui & Co., 26 F.Supp. 2d
1022 (S.D. Ohio 1998) (cited in defendants' mem. at 9-10) does
not provide support for defendants' arguments that Constitutional
provisions may provide a basis for complete preemption.  In
Mitsui, a case involving the alleged dumping of below-cost steel
by Russian and Japanese manufacturers, the district court denied
the plaintiff's motion to remand.  Defendants propose that this
court should read Mitsui as suggesting that the Foreign Commerce
Clause alone had the effect of preempting any state cause of
action alleging dumping by foreign manufacturers.  This, however,
would be a materially incomplete reading of the opinion in
Mitsui.  That court concluded:

> In summary, the United States Constitution
> itself prohibits any state regulation of
> international trade.  Further, Congress has
> enacted comprehensive statutes prohibiting
> dumping practices by international
> manufacturers.  The first such statute, the
> 1916 Anti-dumping Act, provides damages to an
> injured party for the same type of harm as
> alleged in plaintiff's Complaint.  Further,
> Congress has provided a complex and exclusive
> administrative scheme whereby parties may
> charge foreign manufacturers with unlawful
> dumping and, if such charges are established,
> tariffs may be imposed upon the imported
> goods....

Mitsui, 26 F.Supp. 2d at 1028.

Defendants also refer to the decision in BMW of North
America, Inc. v. Gore, 517 U.S. 559 (1996)(cited at defendants'
brief at 14) to support a corollary argument of complete
preemption by the Due Process Clause of the Fourteenth Amendment.

7

Their use of Gore is inapposite, however, as the Supreme Court
held in that case that punitive sanctions may not be used by a
state court to punish lawful behavior in another state that has
no harmful effects in the original state.  Gore, 517 U.S. at 572-
73.  That is, the Alabama plaintiff could not collect punitive
damages on behalf of a Colorado consumer for actions by defendant
that did not violate Colorado law.  The Court did not hold that
an Alabama plaintiff could not collect punitive damages (or any
other form of relief) for actions outside the state, lawful where
committed, that harmed a consumer in Alabama.  As plaintiffs here
are seeking relief only on behalf of injured parties in
Massachusetts, the holding of the Gore case does not apply.

Defendants analogize plaintiffs' complaint to the civil
conspiracy claim involved in Gaming Corp. of America v. Dorsey &
Whitney, 88 F.3d 536 (8th Cir. 1996).  There, after dismissing
several admittedly federal claims, the district court determined
that the remaining claims were based on state law and remanded.
The Eighth Circuit reversed, holding that under Minnesota law a
civil conspiracy claim is derivative of the underlying
substantive wrong, in that case a violation of the Indian Gaming
Regulation Act, and was thus a federal claim.  Gaming, 88 F.3d at
551.  Unlike the plaintiff in Gaming, plaintiffs here invoke
possible violations of federal firearm trafficking statutes as
some evidence of negligence on the part of defendants.
Plaintiffs are not required to prove violation of any statute by
defendants or others in order to make out a claim of negligent

8

distribution and marketing or public nuisance.

Finally, defendants argue that the relief plaintiffs seek, particularly that injunctive relief requested that reaches beyond the borders of Massachusetts to constrain defendant manufacturers' behavior in the operation of their business, if granted, would violate the Interstate and Foreign Commerce Clauses and the Import/Export Clause. Although plaintiffs have requested various forms of relief in their complaint, including compensatory damages, punitive damages, and numerous forms of injunctive relief (several of which would affect intrastate activity only), the determination of the nature of relief available is not for this court to decide, as that issue does not create federal jurisdiction that does not otherwise exist.

For the reasons stated above, I determine that this court is without jurisdiction over the subject matter of this case.  I will order that it be remanded to the state court where it was filed.  The determination as to lack of jurisdiction of this court in this instance does not reach any farther than that. It does not preclude any party from seeking relief in this court at a later time if appropriate grounds for jurisdiction develop.

### IV.

Having determined that this court is without subject-matter jurisdiction, I will decline to rule on defendant Savage Arms Corp.'s Motion to Dismiss and the parties' Joint Motion to Defer Automatic Disclosure.  These matters are left for

9

determination in the court to which this case is remanded.

## ORDER

For the foregoing reasons, it is hereby ORDERED:

(a)   Plaintiffs' Motion to Remand (Docket No. 24) is ALLOWED.

(b)   Defendant Savage Arms, Corp.'s Motion to Dismiss (Docket No. 29) is left to decision in the court to which this case is remanded.

(c)   The Joint Motion to Defer Automatic Disclosure (Docket No. 26) is left to decision in the court to which this case is remanded.

(d)   The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

This case is remanded to the state court from which it was removed.

(e)   The Clerk of this court is directed to deliver forthwith, to the Clerk of the court to which the state law claims are remanded, a certified copy of the record in this case.

Robert E Keeton

United States District Judge

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
CITY OF BOSTON and            )
THE BOSTON PUBLIC             )
   HEALTH COMMISSION,         )
       Plaintiffs             )
                              )    CIVIL ACTION
       v.                     )    NO. 99-11511-REK
                              )
SMITH & WESSON CORP.,         )
F.I.E. CORP.,                 )
BERETTA U.S.A. CORP.,         )
COLTS MFG. CORP.,             )
BROWNING ARMS CORP.,          )
GLOCK CORP.,                  )
CHARTER ARMS CORP.,           )
SAVAGE ARMS CORP.,            )
DAVIS INDUSTRIES CORP.,       )
INTERARMS CORP.,              )
HARRINGTON & RICHARDSON, INC.,)
HI-POINT FIREARMS CORP.,      )
SIGARMS CORP. aka SIGARMS,    )
   INC.,                      )
NAVEGAR INC., dba Intratec    )
   USA Corp.,                 )
B.L. JENNINGS CORP.,          )
BRYCO ARMS CORP.,             )
KEL-TEC CNC CORP.,            )
PHOENIX ARMS CORP.,           )
HERITAGE MANUFACTURING, INC., )
IMPORT SPORT CORP.,           )
LORCIN ENGINEERING CORP.,     )
MARLIN FIREARMS CORP.,        )
STURM, RUGER & CO. CORP.,     )
SUNDANCE INDUSTRIES CORP.,    )
TAURUS FIREARMS CORP.,        )
U.S. REPEATING ARMS CORP.,    )
MOSSBERG & SONS,              )
REMINGTON ARMS CORP.,         )
AMERICAN SHOOTING SPORTS      )
   COUNCIL, INC.,             )
NATIONAL SHOOTING SPORTS      )
   FOUNDATION, INC.,          )
SPORTING ARMS AND AMMUNITION  )
   MANUFACTURERS INSTITUTE,   )
   INC.,                      )
  and DOES 1-250,             )    Final Judgment
       Defendants             )    October 7, 1999
_____)
```



**Final Judgment**
October 7, 1999

   This case is remanded to the state court from which it was removed.

Approved:        By the Court,


_____  _____
United States District Judge  Craig Nicewicz, Deputy Clerk